TEXAS & N. O. R. CO. v. LEVY.
(No. 7801.)

(Court of Civil Appeals of Texas. Dallas. Nov. 17, 1917. Rehearing Denied Dec. 15, 1917.)

1. CARRIERS ⟐⇒11—BAGGAGE—SAMPLES OF TRAVELING SALESMEN AS BAGGAGE — "FREIGHT"—"PROPERTY."

Under the act creating the Railroad Commission, delegating to it power to classify and subdivide all freight and property that may be transported over railroads, and despite the statute providing that each railroad passenger shall have an allowance of baggage not to exceed 100 pounds, it was within the power of the commission to classify and subdivide baggage, and to fix the articles included, determining that baggage shall consist of wearing apparel, etc., and articles carried as samples by traveling salesmen, since if baggage does not come within the term "freight," it comes within the term "property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Freight; Property.]

2. CARRIERS ⟐⇒397½—CARRIAGE OF BAGGAGE—LIABILITY FOR LOSS.

Where a passenger's suit case, containing baggage, as defined by the Railroad Commission, was delivered to a railroad for transportation, but the articles of baggage were not found in it when the suit case was returned to the passenger, the road was liable for their value.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by Israel Levy against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Smith, Roberston & Roberston and Paul A. McDermott, all of Dallas, for appellant. Claude M. McCallum, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee in the justice court against appellant to recover for the loss of certain jewelry, samples contained in his suit case, and his expenses incidental to delay in delivering the suit case to him. Appellee alleged: That he was a traveling salesman of watches and jewelry, and carried his samples in his suit case, which also contained his personal wearing apparel. That he bought a ticket at Athens, Tex., entitling him to ride over appellant's road from Athens to Frankston, Tex., and at the same time he checked said suit case from Athens to Frankston. When he arrived at Frankston said suit case was not there, and after waiting a day he proceeded to Jacksonville, Tex., being told by defendant's agent at Frankston that his baggage would be recheck-

ed to him there. That he waited at Jacksonville two or three days, but his baggage not appearing he went on to Texarkana, Tex., requesting defendant's agent at Jacksonville to forward his baggage to him there, if found, which said agent promised to do. That he waited at Texarkana three days, but the baggage did not arrive, and he then went to his home in Chicago. That his baggage was afterwards found by defendant and forwarded to him at Chicago. That when the said baggage was received by him at Chicago it had been broken open and was badly damaged, and was wrapped in a sack or cloth. That out of the samples that were in the suit case when delivered to defendant there were missing when it was delivered to him in Chicago 16 watches, of the reasonable and market value of $97.60. That appellee while waiting for his baggage at Frankston, Jacksonville, and Texarkana was at an expense of $15. Appellant answered orally by general demurrer and general denial.

In the justice court the appellant recovered judgment, and an appeal was taken to the county court, where appellee further pleaded orally the provisions of Passenger Circular No. 64 of the Railroad Commission of Texas, and appellant answered by general demurrer and general denial. In the county court the case was submitted to a jury on special issues, and upon return of their verdict judgment was rendered for appellee, from which this appeal is prosecuted.

The material allegations of appellee's petition were established by the evidence, except as to the expense of appellee in waiting at Frankston, Jacksonville, and Texarkana, no evidence having been introduced as to that matter, and judgment was only rendered for $97.60, the value of the watches. Appellant objects to the action of the court in directing a judgment for appellee, and submits the proposition that:

"A carrier, receiving articles for transportation as baggage which are not properly baggage, without knowledge at the time that they are not proper baggage, is not responsible therefor, and the samples of a traveling salesman are not proper baggage."

Under the common law and former holdings of our decisions it is questionable whether a recovery could be had for the loss of samples when checked as baggage, as in this case, but by the provisions of Passenger Circular No. 64 of the Railroad Commission of Texas, which took effect February 1, 1909, baggage was defined as follows:

"The term 'baggage' shall consist of wearing apparel and such personal effects of passengers as may be necessary for their journey, and articles carried as samples by traveling salesmen, and will be checked upon presentation of proper transportation, when inclosed in receptacles which will insure safe transmission, such as trunks, valises, telescopes, satchels, leather hat boxes, suit cases, sample cases," etc.

If the commission had the power to make such a regulation and define what constitutes baggage, then the proper judgment is rendered in this case. But the contention of appellant is:

"When the statute provided that each passenger should have an allowance of baggage not to exceed 100 pounds in weight, 'baggage,' as known to the common law, and as defined by the appellate courts of this state, not including the samples of a traveling salesman, the Railroad Commission was without power and authority to declare the samples of a traveling salesman to be baggage, so as to bind the carrier for the loss of such samples attempted to be carried as baggage without the carrier's knowledge."

The act of the Legislature creating the Railroad Commission has been held to be constitutional in Railroad Commission v. Railway Co., 90 Tex. 340, 38 S. W. 750. In that case it is said:

"The provisions which directed the Legislature to enact laws by which control over the public highways and common carriers may be exercised to the fullest extent are in harmony with the subject-matter of the amendment and the policy of the state as declared."

Some of the powers, among others, delegated to it, which were authorized by article 10, § 2, of the Constitution, are:

"1. *To Classify Freights.*—The said commission shall have power, and it shall be its duty to fairly and justly classify and subdivide all freight and property of whatsoever character that may be transported over the railroads of this state into such general and special classes or subdivisions as may be found necessary and expedient.

"2. *To Fix Reasonable Rates.*—The commission shall have power and it shall be its duty to fix to each class or subdivision of freight for each railroad subject to this chapter for the transportation of each of said classes and subdivisions.

"3. *May Fix Rates For All Services.*—The commission shall make and establish reasonable rates for the transportation of passengers over each or all of the railroads subject hereto, which rates shall not exceed the rates fixed by law. The commission shall have power to prescribe reasonable rates, tolls or charges for all other services performed by any railroad subject hereto."

What constitutes "baggage" has never been defined by the Legislature, but it has empowered the commission to classify and subdivide all freight and property of whatever character that may be transported over the railroads of this state, etc.; also to fix rates for the transportation of passengers, etc., and to fix charges for all other services performed by railroads, etc.

[1] If it should be contended by appellant that baggage does not come within the term "freight," it surely falls within the term "property" necessary to be transported, and as the statute allows 100 pounds of baggage to be transported, it was within the purview of the commission to classify and subdivide baggage and fix what articles shall be constituted for transportation as such. The common law having been adopted by the Legislature of Texas, such adoption does not deprive the Legislature of enacting laws as it deems proper relating to the regulation of the transportation of baggage and of what articles it shall be constituted, and having created a

railroad commission with the powers enumerated, it was authorized so to do under the Constitution, and the commission having passed an order as above defined, its action is legal. The contract for carriage of the valise was between points in this state. The appellant was operating its line in this state, and the transaction does not come within interstate commerce.

[2] The evidence shows that the suit case contained the watches when delivered to appellant for transportation, and said watches were not found in it when returned to appellee, which makes appellant liable for their value.

The judgment is affirmed.